Per Curiam.

In a mandamus action originating in any appellate court, the question immediately arises as to whether the relator has or had an adequate remedy in the ordinary course of the law. See State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission (1954), 162 Ohio St., 302, 310 et seq., 123 N. E. (2d), 23, 27 et seq. However, this court has held that it, as well as a Court of Appeals, may in its discretion allow a writ of mandamus even though the relator has or had an adequate remedy in the ordinary course of the law. State, ex rel. Wesselman, v. Board of Elections of Hamilton County (1959), 170 Ohio St., 30, 162 N. E. (2d), 118; State, ex rel. Grant, Exr., v. Kiefaber et al., Montgomery County Planning Comm. (1960), 171 Ohio St., 326, 170 N. E. (2d), 848. See State, ex rel. Tempero, v. Colopy et al., Judges (1962), 173 Ohio St., 122, 180 N. E. (2d), 273. In the instant case, the writ was not denied because relator has or had an adequate remedy in the ordinary course of the law. Instead, it was denied “for the reason that the attempted cause of action in mandamus cannot be maintained.” Therefore, we will not consider the difficult question as to whether relator has or had an adequate remedy in the ordinary course of the law. Instead, we will, as the Court of Appeals apparently did and on the assumption that relator has or had no other adequate remedy in the ordinary course of the law, consider whether relator’s petition does state a cause of action in mandamus.
Section 143.341, Revised Code, provides in part:
‘ ‘ The public notice of a holding of a promotional examination for a position or positions in a fire department * * * shall *359 contain a description of the source material from which the examination questions are prepared. Such source material shall be readily accessible to the examinee. Failure to comply with this requirement shall make void the pursuant examination. ’ ’
The petition alleges that the public notice of the holding of the December 5, 1962, examination did contain a description of the source material from which the examination questions would be prepared but that all that source material was not readily accessible. On the demurrers to the petition, these allegations must be taken as true. In such an instance, the statutory words specify that the “pursuant examination” will be “void.” These statutory words are very clear.
Section 143.344 reads in part:
“Whenever a vacancy occurs in a promoted rank in a fire department and no eligible list for such rank exists, the appointing authority shall certify the fact to the civil service commission, and the civil service commission shall within 60 days of such vacancy conduct a competitive promotional examination. ’ ’
If the examination given was void, then that section imposes a duty on the civil service commission to conduct another examination.
Section 143.341 reads in part:
“Vacancies in positions above the rank of regular fireman in a fire department shall be filled by competitive promotional examinations * *
If the examination was void, then there has been no compliance with this duty to fill the two vacancies for the rank of captain “by competitive promotional examinations.” Thus the facts alleged in the petition are such as to support the conclusion that relator was entitled to the relief prayed for. It follows that the demurrers to the petition should not have been sustained.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Grieeith, Herbert and Gibson, JJ., concur.